UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMOS JACKSON, | Case No.: 3:24-cv-00059-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1-1, 7 |
| ELKO COUNTY SHERIFF, et al., | |
| Defendants | |

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 7) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as defendants the Elko County Sheriff, Deputy Gonzales, Deputy A. Vargas, and Darrell Graves. (ECF No. 1-1 at 1.) Plaintiff alleges that he was allowing Darrell Graves, Graves' girlfriend and two children to stay in his mobile home for free. On September 10, 2023, Graves' assaulted Plaintiff. Plaintiff's wife called the police. The police arrived and arrested Plaintiff because he was trying to protect his family. Then, while Plaintiff was in jail, Graves stole a battery out of his car's trunk as well as some gas, and also stole his motor home. Plaintiff states that he holds the sheriff responsible (for the alleged thefts) because Graves was not arrested when it was Plaintiff who called the police in the first place.

**C. Analysis**

**1. Section 1983**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**2. Elko County Sheriff/Elko County**

It is unclear whether Plaintiff seeks to sue the Elko County Sheriff in his individual capacity, or his official capacity, in which case it is essentially a lawsuit against Elko County.

To the extent Plaintiff seeks to sue the Elko County Sheriff in his individual capacity, he fails to state any claim upon which relief may be granted. To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution."). Plaintiff does not allege how the Elko County Sheriff personally played a role in violating his constitutional rights. Nor does he identify what specific right he claims was violated. Therefore, insofar as Plaintiff

intends to sue the Elko County Sheriff in his individual capacity, he will be dismissed, but with leave to amend to attempt to address these deficiencies.

Insofar as Plaintiff seeks to sue the Elko County Sheriff in his official capacity, Elko County is the proper defendant. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (department of county, city or town cannot be sued in the department name without statutory authorization).

While Elko County might be a proper defendant, municipalities—such as a county—may be only be liable for the infringement of constitutional rights under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978). "[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id*. at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id*. (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

Plaintiff does not include allegations to hold Elko County liable under *Monell*. Therefore, to the extent Plaintiff seeks to sue the Elko County Sheriff in his official capacity, the Elko County Sheriff will be dismissed, but with leave to amend to correct these deficiencies.

**3. Deputy Gonzales and Deputy Vargas**

Plaintiff does not include any factual allegations about what Deputies Gonzales or Vargas personally did to deprive him of his rights, or what specific constitutional right he claims was violated. Plaintiff merely asserts that the sheriff is liable because Graves was not arrested, and Graves subsequently stole from Plaintiff. In *Murguia v. Langdon*, 61 F.4th 1096 (9th Cir. 2023), the Ninth Circuit explained the "Due Process Clause is a *limitation* on state action rather than a *guarantee of minimum levels* of state protections, so the state's failure to prevent acts of private parties is typically insufficient to establish liability under the Due Process Clause." 61 F.4th at 1106 (citing *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019)).

While officers may not use their discretion in arresting individuals in a discriminatory manner, there is no general "right to state protection against madmen or criminals[.]" *Elliot-Park v. Manglona*, 592 F.3d 1003, 1007 (9th Cir. 2010) (citing *Estate of Macias v. Ihde,* 219 F.3d 1018, 1028 (9th Cir. 2000); *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 197 n. 3 (1989)).

There are two exceptions to this rule: "(1) 'when the state affirmatively places the plaintiff in danger by acting with deliberate indifference to a known or obvious danger (the state-created danger exception)'; and (2) when a special relationship exists between the plaintiff and the state (the special-relationship exception).'"*Id*. (quoting *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011)).

"The special-relationship exception 'applies when [the] state takes a person into its custody and holds him there against his will.'" *Id*. at 1109 (quoting *Patel*, 648 F.3d at 972). "When a person is placed in … custody, we allow due process claims against the state for a fairly simple reason: a state cannot restrain a person's liberty without also assuming some responsibility for the person's safety and well-being." *Id*. (citation and quotation marks omitted). This would apply to a deprivation that occurred to the plaintiff *in custody*, not the conduct of a third party that took place elsewhere, as Plaintiff alleges here.

The state-created danger exception has been interpreted to mean that "if affirmative conduct on the part of a state actor places a plaintiff in danger, and the officer acts in deliberate indifference to that plaintiff's safety, a claim arises under § 1983." *Id*. at 1111 (citation and quotation marks omitted). "The state-created danger exception has two requirements[:] First, the exception applies only where there is affirmative conduct on the part of the state in placing the plaintiff in danger. Second, the exception only applies where the state acts with deliberate indifference to a known or obvious danger." *Id*. (citations and quotation marks omitted). The second requirement "is a stringent standard of fault, requiring poof that a municipal actor disregarded a known or obvious consequence of his action." *Id*. (citation and quotation marks omitted). "In other words, the state actor must know[ ] that something *is* going to happen but ignore[ ] the risk and expose[ ] [the plaintiff] to it." *Id*. (citation and quotation marks omitted). Plaintiff has not included facts to demonstrate that the deputies knew Graves was going to steal from Plaintiff, but ignored that risk.

Deputies Gonzales and Vargas will be dismissed with leave to amend.

///

///

7

**4. Darrell Graves**

A civil rights lawsuit under Section 1983 requires state action. Darrell Graves was a private citizen who was staying on Plaintiff's property, and as such, was not a state actor. Accordingly, Darrell Graves will be dismissed from this action with prejudice.

### III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 7) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED** as follows:

(a) To the extent Plaintiff sues the Elko County Sheriff in his individual capacity, he is **DISMISSED WITH LEAVE TO AMEND**;

(b) To the extent Plaintiff sues the Elko County Sheriff in his official capacity, he is **DISMISSED WITH LEAVE TO AMEND**;

(c) Deputies Gonzales and Vargas are **DISMISSED WITH LEAVE TO AMEND**;

(d) Darrell Graves is **DISMISSED WITH PREJUDICE**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT."

1  If Plaintiff fails to file an amended complaint within the 30 days, this action will be
2 dismissed with prejudice.
3 **IT IS SO ORDERED**.

5 Dated: April 12, 2024

_____
Craig S. Denney
United States Magistrate Judge