UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMOS JACKSON,<br><br>   Plaintiff<br><br>v.<br><br>ELKO COUNTY SHERIFF, et al.,<br><br>   Defendants | Case No.: 3:24-cv-00059-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 11 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's amended complaint. (ECF No. 11.)

**I. BACKGROUND**

Plaintiff filed an application to proceed *in forma pauperis* (IFP) and pro se complaint. (ECF Nos. 1-1, 7.) At the time the IFP application and complaint were filed, the case was assigned directly to the undersigned on consent. The court issued an order granting Plaintiff's IFP application and screened his complaint. (ECF No. 8.)

Plaintiff's original complaint named the Elko County Sheriff, Deputy Gonzales, Deputy Vargas, and a private individual, Darrell Graves. Plaintiff alleged that he had allowed Graves and Graves' girlfriend and two children to stay in his mobile home for free, but on September 10, 2023, Graves assaulted Plaintiff. Plaintiff claims his wife called the police, who arrived, but arrested Plaintiff and not Graves. Plaintiff maintains he was trying to protect his family. Plaintiff went on to allege that while he was in jail, Graves stole his mobile home, and Plaintiff considered the Sheriff responsible because Graves had not been arrested.

1      To the extent Plaintiff sought to sue the Elko County Sheriff in his individual capacity, the Sheriff was dismissed with leave to amend, because he did not include any allegations in how the Sheriff personally played a role in violating his constitutional rights. Insofar as Plaintiff sought to sue the Elko County Sheriff in his official capacity, the court advised him that this was in effect an action against Elko County, which requires the inclusion of allegations to hold a municipality liable under *Monell v. Department of Social Services*, 436 U.S. 658, 690-95 (1978), and its progeny. Elko County was also dismissed with leave to amend because Plaintiff did not include allegations to hold it liable under *Monell*.

     Deputies Gonzales and Vargas were also dismissed with leave to amend as Plaintiff did not include any factual allegations about what each personally did to deprive him of his rights, or what specific constitutional right he claims was violated. The court advised Plaintiff there is no general right to state protection against criminal activity by a third party, with several exceptions, and Plaintiff had not included allegations to invoke either of those exceptions.

     Finally, the court dismissed Darrell Graves with prejudice because he was a private citizen who was staying on Plaintiff's property, and as such, was not a state actor subject to liability under section 1983.

     After this order was issued, the action was reassigned to Chief Judge Miranda Du and the undersigned as magistrate judge. (*See* ECF No. 10.) On May 10, 2024, Plaintiff filed an amended complaint, which the court now screens. (ECF No. 11.)

///

///

///

///

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Curiously, Plaintiff's amended complaint names himself as the only defendant. (ECF No. 11 at 2.) He includes the following allegations: He went to tell Graves to get off of his property and Graves kicked Plaintiff and he fell flat on his back. Plaintiff got up and Graves took one of Plaintiff's lawn mowers and ran up the street. Plaintiff got in his car and tried to run Graves over. The Sheriff finally came and talked to Graves and came back and arrested Plaintiff. Plaintiff avers that he is 70 years old while Graves is 38 years old, and Plaintiff had given him a place to stay. As he did in the original complaint, Plaintiff alleges that Graves came back that night and stole his mobile home and "talked bad" to Plaintiff's wife, and Graves was not arrested. (*Id*. at 4.)

Plaintiff's amended complaint focuses on the conduct of Graves, who is a private citizen and is not subject to liability under 42 U.S.C. § 1983 because he is not a state actor. Plaintiff does not include allegations to hold the Sheriff or any deputies liable under section 1983. As Plaintiff has already been given an opportunity to amend, and it does not appear that further amendment would cure these deficiencies, this action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 26, 2024

_____
Craig S. Denney
United States Magistrate Judge