UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMOS JACKSON, | Case No. 3:24-cv-00059-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| ELKO COUNTY SHERIFF, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Amos Jackson brings suit on the grounds that the Elko County Sheriff's failure to arrest another man led to the loss of his mobile home. (ECF No. 11 ("Amended Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney, screening Jackson's Amended Complaint and recommending that this action be dismissed with prejudice. (ECF No. 12.) Jackson has not filed an objection to the R&R. The Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct *de novo* review, and is satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.").

The Court agrees with Judge Denney's conclusion that Jackson has failed to state a claim upon which relief can be granted. It is unclear exactly what relief Jackson seeks and against whom. The Amended Complaint names Jackson as the only defendant. (ECF No. 11 at 2.) Jackson also does not request any specific relief from the Court. (*Id.* at 4.) Nor does he clarify what laws give rise to his causes of action. Instead, he alleges the following. After Jackson asked Darrell Graves to leave his property, Graves physically assaulted him and took his lawn mower. (*Id.*) Jackson then tried to run Graves over with

his car. (*Id.*) The sheriff arrived and arrested Jackson but not Graves. (*Id.*) Graves came back at night and stole Jackson's mobile home. (*Id.*) Judge Denney therefore found that Jackson "does not include allegations to hold the Sheriff or any deputies liable" under 42 U.S.C. § 1983. (ECF No. 12 at 4.) Judge Denney further found that Graves is not subject to liability under Section 1983 because there are no allegations that he is a state actor. (*Id.*) As the Court agrees and does not see any other bases upon which Jackson could bring suit, the Court finds that Judge Denney did not clearly err and adopts these recommendations.

The Court also agrees that further amendment would be futile and dismissal with prejudice is appropriate.

It is therefore ordered that Judge Denney's R&R (ECF No. 12) is accepted and adopted in full and this action is dismissed with prejudice.

The Clerk of Court is directed to enter judgment and dismiss this action accordingly.

DATED THIS 17th Day of July 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE